UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ERIC L. TOLONEN,

        Plaintiff,

   v.                                                       Case No. 23-C-1356

FBI, et al.,

        Defendants.

## DECISION AND ORDER

      Plaintiff Eric Tolonen is incarcerated at the Fond du Lac County Jail and representing himself in this 42 U.S.C. §1983 case. Along with his complaint, Tolonen filed a motion for leave to proceed without prepaying the filing fee (*in forma pauperis*). Under the Prison Litigation Reform Act (PLRA), before the Court will grant a prisoner leave to proceed *in forma pauperis*, the prisoner must pay an initial partial filing fee, which is calculated by using a formula in the PLRA. *See* 28 U.S.C. §1915(b)(1). Based on a review of Tolonen's trust account statement, the Court assessed an initial partial filing fee of $33.27 and ordered him to pay the fee by November 24, 2023. The deadline passed, and Tolonen did not pay the fee. On November 6, 2023, Tolonen filed a letter stating he cannot afford to pay the fee because his parents do not want to send him money.

      The Court will construe Tolonen's letter as a request to waive his obligation to pay an initial partial filing fee. The Court will deny the request. A court may not dismiss the lawsuit of a prisoner who lacks the ability to pay an initial partial filing fee. *See* 28 U.S.C. §1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the

prisoner has no assets and no means by which to pay the initial partial filing fee."). "But if the court finds that the prisoner is unable to pay the partial filing fee at the time of collection because he intentionally depleted his account to avoid payment, the court in its sound discretion may dismiss the action." *Thomas v. Butts*, 745 F.3d 309, 312 (7th Cir. 2014) (citations and internal punctuation omitted).

Tolonen filed his complaint on October 12, 2023. The trust account statement he submitted covers the period of April 1 through October 5, 2023. During that time, nearly $1,000 was deposited into Tolonen's account. The most recent deposit ($140.00) was made on September 21, 2023, a few weeks before Tolonen filed his complaint. From what the Court can tell, Tolonen spent a significant portion of his money at the commissary, including spending $46.46 about a week before he filed his complaint.

The Seventh Circuit has instructed, "It is not enough that the prisoner lacks assets on the date he files. If that were so, then a prisoner could squander his trust account and avoid the fee. Section 1915(b)(4) comes into play only when 'the prisoner has no assets and no means by which to pay the initial partial filing fee.' A prisoner with periodic income has 'means' even when he lacks 'assets.'" *Newlin v. Helman*, 123 F.3d 429, 435 (7th Cir. 1997) (*rev'd on other grounds Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000)).

Tolonen chose to spend his limited income at the commissary, so, while he may now be without assets (because he spent his money), he was not without means (because he received regular and sizable deposits into his account prior to filing his complaint). Tolonen bears the consequence for spending his money rather than saving some of it to pay the initial partial filing fee. Accordingly, the Court will deny Tolonen's request to waive his obligation to pay a $33.27 initial partial filing fee. The Court will, however, extend the deadline by which he must pay the

fee to **December 14, 2023**.  Tolonen must follow the policies at the jail to arrange the payment of the fee.  If he does not pay the fee or explain in writing why he is unable to do so by the deadline, the Court will deny his motions to proceed without prepaying the filing fee and will dismiss this action without prejudice based on his failure to pay the filing fee.

    **SO ORDERED** at Green Bay, Wisconsin this 30th day of November, 2023.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge