UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ERIC L. TOLONEN,

        Plaintiff,

    v.                                    Case No. 23-C-1356

FBI, et al.,

        Defendants.

---

## DECISION AND ORDER

---

Plaintiff Eric Tolonen is a prisoner confined at the Fond du Lac County Jail who is representing himself in this 42 U.S.C. §1983 case. On October 19, 2023, shortly after he filed his complaint, Tolonen filed a motion for leave to proceed without prepaying the filing fee. The Prison Litigation Reform Act applies to this case because Tolonen was incarcerated when he filed his complaint. That statute allows prisoners to proceed without prepaying the full filing fee if, when they have assets or means, they first pay an initial partial filing fee. 28 U.S.C. §1915(b). On October 25, 2023, the Court ordered Tolonen to pay an initial partial filing fee of $33.27 within thirty days or advise the Court in writing why he was unable to submit the assessed amount. Dkt. No. 6. On November 30, 2023, the Court denied Tolonen's letter request to waive his obligation to pay the initial partial filing fee and extended his deadline to pay the fee to December 14, 2023. The revised deadline has passed, and the Court has not received the fee nor has Tolonen informed the Court of any challenges he faced in arranging submission of the fee.

**IT IS THEREFORE ORDERED** that Tolonen's motion for leave to proceed without prepaying the filing fee (Dkt. No. 4) is **DENIED** based on his failure to pay the initial partial filing fee, and this case is **DISMISSED without prejudice** based on his failure to pay the filing fee.

**IT IS FURTHER ORDERED** that Tolonen's motion to appoint counsel (Dkt. No. 5) and his motion to supplement the complaint (Dkt. No. 8) are **DENIED as moot**.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. §1915(b)(1), Tolonen must pay the $350 statutory filing fee. Accordingly, the agency having custody of Tolonen shall collect from his institution trust account the $350 statutory filing fee by collecting monthly payments from Tolonen's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Tolonen is transferred to another institution, the transferring institution shall forward a copy of this Order along with Tolonen's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Tolonen is located.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Green Bay, Wisconsin this 20th day of December, 2023.

                                                s/ William C. Griesbach
                                                William C. Griesbach
                                                United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serous physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

3

Case 1:23-cv-01356-WCG   Filed 12/21/23   Page 3 of 3   Document 11